IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Samuel, #277784, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 3:07-cv-178-PMD |
| v. ) | |
| ) | **ORDER** |
| Mr. Jon E. Ozmint, The Director of the ) | |
| South Carolina Department of Corrections; ) | |
| and the South Carolina Department of ) | |
| Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon the Magistrate Judge's recommendation that (1) Defendants' Motion for Summary Judgment be granted and (2) Plaintiff's Motion for Supplemental Jurisdiction be denied. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff Eric Samuel ("Samuel" or "Plaintiff") filed timely objections to the R&R.

**BACKGROUND**

Plaintiff filed suit against Defendant Jon E. Ozmint ("Ozmint") and Defendant South Carolina Department of Corrections ("SCDC") in the Court of Common Pleas of Richland County on October 6, 2006. Defendants filed a Notice of Removal on January 19, 2007, and they filed a Motion for Summary Judgment on April 19, 2007. Plaintiff filed a Response in Opposition to the Motion for Summary Judgment on May 1, 2007, and he filed an additional Response in Opposition on November 14, 2007. Magistrate Judge Joseph R. McCrorey filed a Report and Recommendation on January 3, 2008, and Plaintiff filed timely Objections on January 16, 2008.

This lawsuit arises out of Plaintiff's transfer from Broad River Correctional Institution to the Lee County Correctional Institution on July 5, 2006. (*See* Compl.) In his Complaint, Plaintiff states,

> UNKNOWN PROPERTY CONTROL CORRECTIONAL OFFICERS AT BROAD RIVER CORRECTIONAL INSTITUTION UNDER THE EXPRESS AUTHORITY AND SUPERVISION OF THE DEFENDANTS DID LOSS [sic] THE PLAINTIFF'S PERSONAL PROPERTY AS FOLLOW [sic] ON JULY 05, 2006:
>
> 1) BLUE AND WHITE COOLER $18.95
>
> 1) COFFEE POT $18.95
>
> 1) FAN $32.50
>
> 1) TYPE WRITTER [sic] (SMITH CORDNA) $177.44
>
> 2) SETS OF THERMAL UNDERWEAR TOP AND BOTTOM SIZE LARGE $31.90

(Compl. at 1-2.) Plaintiff also claims the Defendants violated his Fifth Amendment rights. (Compl. at 2.)

Defendants argued they were entitled to summary judgment because (1) Defendants are not persons as defined by 42 U.S.C. § 1983; (2) Plaintiff has no claim pursuant to § 1983 for loss of his personal property; (3) Defendant Ozmint is entitled to qualified immunity; (4) Defendant Ozmint is not liable under the doctrine of respondeat superior; (5) the matter should be dismissed because Plaintiff has not exhausted his administrative remedies; and (6) the action should be dismissed pursuant to 28 U.S.C. § 1915(a) and § 1915(e) and should count as a strike. (*See* Mot. for Summ. J.)

In the R&R, Magistrate Judge McCrorey recommended granting Defendants' Motion for

Summary Judgment for several reasons.[1]  First, the Magistrate Judge stated, "To the extent that Plaintiff alleges . . . Defendants were negligent in losing his property, his claim under § 1983 fails.  Negligence, in general, is not actionable under 42 U.S.C. § 1983."  (R&R at 3.)  The Magistrate Judge continued, "Even in the case of an unauthorized intentional property deprivation, no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy."  (*Id.* at 4.)  Because the SCDC has a grievance process available to inmates that complies with the requirements of due process, and because claims related to personal property are cognizable under South Carolina state law, the Magistrate Judge concluded there was no remedy under § 1983.  (*Id.*)

Magistrate Judge McCrorey also concluded that Defendant Ozmint could not be held liable under the doctrine of respondeat superior, as Plaintiff did not allege that Ozmint was personally responsible for any of the alleged incidents and has not shown that Ozmint was "deliberately indifferent to, or tacitly authorized, any of these alleged actions or inactions."  (*Id.* at 5.)  Magistrate Judge McCrorey then addressed Defendants' argument concerning qualified immunity and concluded Ozmint is entitled to qualified immunity in his individual capacity.  (*Id.*)  The Magistrate Judge recommended denying Plaintiff's Motion for Supplemental Jurisdiction because Plaintiff's remaining claims are based on state law.  (*Id.* at 7.)

---

[1]Magistrate Judge McCrorey recommended granting the Defendants' Motion for Summary Judgment on the merits.  (R&R at 3 n.2.)  However, he "[a]lternatively" recommended that the action be dismissed because Plaintiff failed to exhaust his administrative remedies.  (*Id.*)  It appears that Plaintiff filed a Step 1 grievance pursuant to the SCDC's Inmate Grievance Policy, which the warden denied.  (Bowie Aff; *see* R&R at 3 n.2.)  Plaintiff then filed a Step 2 grievance on February 6, 2007, but as of April 18, 2007, SCDC had not issued a final decision on the matter.  (Bowie Aff.; *see* R&R at 3 n.2.)  Plaintiff seems to agree with this recitation of the facts, asserting in his Objections that he has not yet received a response to his Step 2 grievance.  (Objections at 2.)

3

**STANDARD OF REVIEW**

**A.      Magistrate Judge's R&R**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. However, because the court expresses no opinion as to whether Plaintiff exhausted his administrative remedies, the court adopts the R&R to the extent it is consistent with this Order.

**B.      Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the

nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

## **ANALYSIS**

In his Objections, Plaintiff objects to the "complete United States Magistrate Judge's Report and Recommendation filed on January 3, 2008" because "no ruling or a determination was made[] by the court after the Plaintiff's notice to withhold consent for the United States Magistrate Judge to exercise jurisdiction." (Objections at 1.) It appears that on or about March 30, 2007, Plaintiff filed a document entitled "The Plaintiff's Notice to Withhold Consent for the United States Magistrate Judge to Exercise Jurisdiction." (*See* Doc. No. [20].) With this document, Plaintiff made it known that he does not consent to having the Magistrate Judge conduct any proceedings, and the basis of his current objection is that the Magistrate Judge issued a Report and Recommendation despite the fact that he did not consent.

Plaintiff argues the Magistrate Judge did not have the authority to issue a Report and Recommendation because Plaintiff's consent is required pursuant to 28 U.S.C. § 636(c). Section 636(c) states, in relevant part,

> **(c)** Notwithstanding any provision of law to the contrary--
> **(1)** Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate judge may exercise such jurisdiction, if such magistrate judge meets the bar membership requirements set

>forth in section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate judge is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.
>
>**(2)** If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

Plaintiff's objection is the same objection made by the plaintiff in *Tineo v. Federal Bureau of Prisons*, No. Civ. 05-724-ADM/SRN, 2005 WL 1745451 (D. Minn. July 22, 2005). In that case, the court rejected the plaintiff's argument "under 28 U.S.C. § 636(c)(1), [that] his consent is a condition precedent for the Magistrate Judge's involvement." *Tineo*, 2005 WL 1745451, at *2. The court stated,

>Plaintiff mischaracterizes 28 U.S.C. § 636(c)(1), which requires the parties' consent for a Magistrate Judge to conduct proceedings in a non-jury or jury civil matter and order the entry of judgment in a case. However, 28 U.S.C. § 636(b)(1)(B) permits a judge to designate a magistrate judge
>>to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendation for disposition, by a judge of the court, of any motion excepted in [28 U.S.C. § 636(b)(1)(A)], of applications for post trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
>As a result, Plaintiff's consent was not necessary and the Magistrate Judge had authority to issue the R&R.

*Id*. The court agrees with the court's reasoning in *Tineo* and concludes that Plaintiff's objection is without merit, as his consent was not required in order for the Magistrate Judge to issue a Report and Recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 993, 999-1000 (9th Cir. 2005)

(concluding that a "magistrate judge has jurisdiction under the Federal Magistrates Act to issue a Report and Recommendation . . . regarding a habeas petition without the defendant's explicit consent" because the findings and recommendations were subject to de novo review by the district judge); *United States v. B&D Vending, Inc.*, 398 F.3d 728, 732-33 (6th Cir. 2004) ("'[W]hen analyzing a challenge to the district judge's delegation of authority to a magistrate judge pursuant to § 636(b), the dispositive question is whether the duty assigned to a magistrate judge is subject to meaningful review by a district judge.' By conducting a de novo review of the portions of the magistrate judge's final R&R to which objections were filed, the district court subjected the magistrate judge's proposed factual findings and recommendation to meaningful review and complied with the requirements of § 636(b)." (quoting *United States v. Bolivar-Munoz*, 313 F.3d 253, 256 (5th Cir. 2002)); *United States v. Little*, No. 2:95-cr-00198-02, 2007 WL 1029330, at *1 (S.D. W. Va. Apr. 3, 2007) ("Mr. Little's consent would only be required if the court had delegated to the Magistrate Judge the authority to enter judgment in the case pursuant to 28 U.S.C. § 636(c). Here, that was not the case. This case was referred to the Magistrate Judge under § 636(b)(1)(B)."); *Rice v. Lamanna*, 451 F. Supp. 2d 755, 759 (D.S.C. 2006) (rejecting the plaintiff's argument that the Magistrate Judge could not hear the matter because Magistrate Judge lacked jurisdiction and because the plaintiff did not consent to the Magistrate Judge's consideration of the matter).[2]

---

[2]Plaintiff also objects to the Magistrate Judge's recommendation that this court grant Defendants' Motion for Summary Judgment because Plaintiff failed to exhaust his administrative remedies. (Objections at 1-2.) The court need not address this Objection, however, because the court decides the case on the merits and expresses no opinion concerning whether Plaintiff exhausted his administrative remedies.

Plaintiff's last objection, which is difficult to understand, appears to be an objection to the Magistrate Judge's denial of Plaintiff's Motion to Compel Discovery. The Magistrate Judge denied the Motion to Compel, concluding that the Defendants had substantially complied with Plaintiff's discovery requests. (*See* Doc. No. [43].) Plaintiff's objection is without merit, as

Plaintiff next objects to the portion of the Magistrate Judge's R&R that concludes Plaintiff has no claim pursuant to § 1983 for the loss of his personal property "because the Plaintiff ha[s] a right to sue the Defendants for the loss of the Plaintiff's personal property." (Objections at 2.) He argues he is entitled to go forward with his § 1983 claim because Defendants did not prove that they "did not actually deprive[] the Plaintiff of the Plaintiff's personal property." (*Id.* at 2-3.)

Plaintiff's objection, however, is without merit, as the Magistrate Judge correctly determined that Plaintiff's claims for loss of personal property are not cognizable under § 1983. As Magistrate Judge McCrorey noted, to the extent Plaintiff is alleging that Defendants were negligent in losing his property, that claim fails under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *McIntyre v. Portee*, 784 F.2d 566, 566-67 (4th Cir. 1986) (affirming district court's grant of summary judgment to defendants on the plaintiff's § 1983 claim for negligent loss of his personal property because the plaintiff "was not 'deprived' of any right in the constitutional sense"); *see also Hammond v. Dean*, No. 3:07-654-SB, 2007 WL 3002362, at *2 (D.S.C. Oct. 9, 2007) (noting the plaintiff's "claim that the Defendants acted negligently in depriving him of his personal property is not cognizable under 42 U.S.C. § 1983" and that the plaintiff has a "meaningful post-deprivation remedy" under South Carolina law because "prisoners in South Carolina may bring an action for recovery of personal property against officials who deprive them of property without state authorization"); *Hazel v. Parker*, No. 5:03-CT-358-H, 2003 WL 23521254, at *1 (E.D.N.C. June 4, 2003) (dismissing as frivolous the plaintiff's

---

additional discovery would not alter the fact that the Magistrate Judge had authority to issue the Report and Recommendation and that Plaintiff's claim under § 1983 fails.

§ 1983 claim that his radio and headphones "were lost when he was moved to segregated housing because of Correction Officer Parker's negligence"); *Bynum v. Kidd*, 570 F. Supp. 696, 696 (W.D.N.C. 1983) (dismissing the plaintiff's § 1983 suit for loss of personal property during his confinement in the Mecklenburg County jail because North Carolina law "provides a means by which plaintiff in this case can receive redress for his loss").

Furthermore, while Plaintiff does not allege intentional property deprivation, "an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available." *Hammond*, 2007 WL 3002362, at *1; *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indeed, the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides the plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state or a state agency. *See Yates v. Jamison*, 782 F.2d 1182, 1183-85 (4th Cir. 1986); *see also Johnson v. Crenshaw*, No. 6:07-3791-SB, 2008 WL 154014, at *2 (D.S.C. Jan. 11, 2008).

Plaintiff has a remedy for the loss of personal property under South Carolina law, as Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act. *See* S.C. CODE § 15-78-10 *et seq*. South Carolina Code Section 15-78-30 encompasses a "loss" for damage to tangible property recoverable in actions for negligence caused by a person employed by the State of South Carolina, a state agency, or a political subdivision while acting within the scope of his or her employment. *See* S.C. CODE § 15-78-30; *see also McIntyre*, 784 F.2d at 567 (concluding the plaintiff was not entitled to maintain a § 1983 action for loss of his personal property because "he could have instituted a civil action in the state courts [of South Carolina] for the recovery of his personal property"); *Greene v. Stonebreaker*, No. 9:06-3392-PMD, 2007 WL 2288123, at *6 (D.S.C.

Aug. 6, 2007); *Meyer v. Miro*, No. 4:01-4260-25BH, 2003 WL 23198856, at *11 (D.S.C. Dec. 12, 2003). The Magistrate Judge thus correctly determined that Plaintiff is not entitled to relief under § 1983, and Defendants' Motion for Summary Judgment is therefore granted.[3]

As the court has concluded that Plaintiff has not set forth a valid federal claim, the court declines to exercise jurisdiction over his remaining state law claims. The court therefore denies Plaintiff's Motion for Supplemental Jurisdiction.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendants' Motion for Summary Judgment is **GRANTED**. It is also **ORDERED** that Plaintiff's Motion for Supplemental Jurisdiction is **DENIED**. Plaintiff's remaining claims are **REMANDED** to state court.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 25, 2008**

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.

---

[3]To say that Plaintiff is entitled to no relief under § 1983 is not to say that Plaintiff is entitled to no relief. Rather, Plaintiff is simply not able to pursue this claim in this court.